IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-1041-BO-BM

CARLOS A. ALFORD, )
 )
    Plaintiff, )
 )
  v. )
 )
BILL NELSON, ASHLEY WHITE, ROB )
BLAKE, and REGINA NEAL-MUJAHID, )
 )
    Defendants. )

**ORDER and
MEMORANDUM AND
RECOMMENDATION**

This *pro se* case is before the court on the motion by plaintiff Carlos A. Alford ("plaintiff")

to proceed *in forma pauperis* [DE-2] pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review

pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] The motion was referred to the undersigned magistrate

judge pursuant to 28 U.S.C. § 636(b)(1).

The court finds that plaintiff has demonstrated appropriate evidence of his inability to pay

the required court costs, and the motion to proceed *in forma pauperis* [DE-2] will be ALLOWED.

Additionally, based on the court's frivolity review and for the reasons stated below, the

undersigned RECOMMENDS that plaintiff's complaint [DE-1] be DISMISSED.

---

[1] Plaintiff has filed numerous complaints in this district. *See, e.g.*, *Alford v. United States*, No. 7:23-CV-1205-BO, 2023 WL 7927757, at *1 (E.D.N.C. Nov. 16, 2023); *Alford v. Bridenstine*, No. 7:21-CV-211-FL, 2022 WL 1311457, at *1 (E.D.N.C. May 2, 2022); *Alford v. McDonough*, No. 7:19-CV-186-FL, 2021 U.S. Dist. LEXIS 237475 (E.D.N.C. Dec. 13, 2021); *Alford v. McGregor*, No. 7:20-CV-31-D, 2020 WL 6139944, at *1 (E.D.N.C. Oct. 19, 2020). Plaintiff has specifically brought multiple claims against Bill Nelson or Ashley White. *See, e.g.*, *Alford v. Nelson*, No. 7:23-CV-1670-BO-KS, 2024 WL 1776446, at *1 (E.D.N.C. Apr. 4, 2024) (denying *in forma pauperis* application), *memorandum and recommendation adopted*, No. 7:23-CV-1670-BO-KS, 2024 WL 1776361 (E.D.N.C. Apr. 24, 2024) (this matter was later dismissed based on a failure to pay the filing fee (*see id.* [DE-7])); *Alford v. Nelson*, No. 7:22-CV-173-FL, 2023 WL 5577309, at *2 (E.D.N.C. Aug. 29, 2023) (dismissing all claims except those against Bill Nelson under the Rehabilitation Act) (this matter was later dismissed based on a failure to prosecute (*see id.* [DE-35])); *Alford v. White*, No. 7:23-CV-1206-D, 2023 WL 8199597, at *2 (E.D.N.C. Oct. 23, 2023) (denying claim without prejudice as duplicative of *Alford v. Nelson*, No. 7:22-CV-173-FL), *memorandum and recommendation adopted sub nom. Alford v. Harris*, No. 7:23-CV-1206-D, 2023 WL 8190156 (E.D.N.C. Nov. 27, 2023).

## ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. Accordingly, plaintiff's motion to proceed *in forma pauperis* [DE-2] is therefore ALLOWED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. PLAINTIFF'S CLAIMS

Plaintiff filed a complaint in this court against Bill Nelson, NASA Administrator; Ashley White, EEO Counselor; Rob Blake, EEO Deputy Conflict Resolution; and Regina Neal-Mujahid, Chief Diversity Officer, under 42 U.S.C. § 1983, alleging that defendants deprived him of "[t]he right to file EEO complaint." [DE-1] at 2-3. Plaintiff's factual allegations, in their entirety, read as follows:

> I filed my claim of discrimination with NASA Houston Texas. It was during the first COVID-19 cases. I had 14 days to file my formal complaint. I mailed my formal complaint on two day mail. Ms. White claimed they never received my complaint. The mailroom [illegible] my formal complaint was closed.

*Id.* at 4.

Plaintiff then provides the following summary of his injuries:

> My ability to formalize my EEO complaint even after I produced my 2-day mail receipt proving that I had mailed my formal complaint. I was denied my due justice. They just closed my complaint. Even though the director stated that all cases should be tolled and given a new time frame.

*Id.* at 5.

2

Plaintiff alleges that this court has federal question jurisdiction over his claims pursuant to 20 CFR § 1614.105(c). *Id.* at 3.

Plaintiff seeks the following relief: "declarative relief: request to have EEO complaint tolled and have the formal complaint reactivated $100,000,000.00 dollars for pain & suffering and any other remedies the judge sees fit." *Id.* at 5.

## II. APPLICABLE LEGAL STANDARDS

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (providing standard for frivolity review). A case is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In evaluating frivolity specifically, the court holds a *pro se* plaintiff's pleadings to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton*, 504 U.S. at 32. The court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

3

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)) (alterations in original) (internal quotation marks omitted).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."); *Hill v. Se. Reg'l Med. Ctr.,* No. 7:19-CV-60-BO, 2019 WL 7041893, at *2 (E.D.N.C. Oct. 21, 2019), *mem. & recomm. adopted*, No. 7:19-CV-60-BO, 2019 WL 7163434 (E.D.N.C. Dec. 20, 2019), *aff'd*, 818 F. App'x 261 (4th Cir. 2020) (discussing the lack of federal question jurisdiction and diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless jurisdiction is affirmatively demonstrated. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party

4

asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### III. ANALYSIS

Plaintiff brings a claim under 42 U.S.C. § 1983 alleging that defendants deprived him of "the right to file EEO complaint" under 29 C.F.R. § 1614.105(c). [DE-1] at 3; [DE-1-1]. This court has previously found that "federal law does not provide a cause of action to [a plaintiff] directly against the EEOC . . . or its agents with regard to their handling of his claims." *Fuller v. EEOC*, No. 5:13-CV-146-FL, 2013 U.S. Dist. LEXIS 156427 at *3 (E.D.N.C. Oct. 31, 2013). Other district courts in this circuit have held the same. *See e.g. Terry v. Dir., Complaint Adjudication Div., U.S. E.E.O.C., Office of Fed. Operations,* 21 F.Supp.2d 566, 569 (E.D. Va. 1998) ("Courts have uniformly held that no cause of action exists with respect to the EEOC's handling of discrimination claims . . ."); *Johnson v. EEOC Charlotte Dist. Office*, No. 3:15-CV-00148-RJC-DSC, 2015 U.S. Dist. LEXIS 175813 (W.D.N.C. Oct. 14, 2015) ("Title VII . . . does not confer jurisdiction over claims against the EEOC or its employees where an individual is dissatisfied with the results of an investigation.")*, adopted by* 2016 U.S. Dist. LEXIS 12810 (Feb. 3, 2016). The DC Circuit Court of Appeals has explained that "Congress had not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge" and that 42 U.S.C.S. § 2000e-5(f)(1)) of Title VII provides the proper remedy "for any improper handling of a discrimination charge by the EEOC." *Smith v. Casellas*, 326 U.S. App. D.C. 234, 119 F.3d 33, 34 (1997). Because plaintiff's claims exclusively relate to grievances arising from the EEOC's handling of his complaint and do not even mention a claim under Title VII, he has not stated a

claim which entitles him to relief.

Additionally, plaintiff does not allege conduct by any of the defendants except Ms. White, and the claim against her is not viable for the reasons discussed above because it exclusively relates to her processing of his EEOC complaint. *See* [DE-1] at 4. While *pro se* litigants are entitled to leniency, such leniency is not without bounds. *See Holder v. U.S. Marshals Office*, No. 5:16-CV-00145-FL, 2016 WL 3919502, at *1 (E.D.N.C. 17 May 2016) ("[T]he principles requiring generous construction of pro se complaints are not without limits."), *adopted by*, 2016 WL 3920213 (July 15, 2016). The undersigned finds plaintiff's statement of his claims to be insufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 8(a)(1)-(2) (requiring that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief.").

### IV. CONCLUSION

For the reasons set forth above, the undersigned RECOMMENDS that plaintiff's complaint [DE-1] be DISMISSED.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, his counsel. Plaintiff shall have until **March 25, 2026**, to file written objections to this Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review.  In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.  *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 10th day of March, 2026.

_____
Brian S. Meyers
United States Magistrate Judge

7